The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-30293 |
| | ) | |
| Paul B. Simko, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

## MEMORANDUM OF DECISION AND ORDER
## GRANTING MOTION TO AVOID LIEN

This case is before the court on the Motion of Debtor to Avoid Lien with Charter One Bank Pursuant to [11 U.S.C.] § 522(f) ("Motion") [Doc. # 9], the Opposition [Doc. # 18] filed by RBS Citizens Bank N.A., successor in interest to Charter One Bank ("the Bank") , and Debtor's Reply [Doc. # 25]. The court held a hearing on the Motion that Debtor's counsel attended in person and counsel for the Bank attended by telephone.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. The Motion is a core proceeding that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(K) and (O). For the reasons that follow, Debtor's Motion will be granted.

Debtor seeks to avoid a judicial lien in the amount of $56,449.11 obtained by the Bank against Debtor's interest in residential real estate owned jointly by Debtor and his non-debtor wife. The parties

agree that the value of the real estate is $91,940. The parties also agree that the property is secured by a first mortgage held by Chase Manhattan in the amount of $83,486.00 and a second mortgage held by Huntington National Bank in the amount of $22,435.00. The parties further agree that the property is encumbered by a federal tax lien in the amount of $730,489.31. They disagree, however, as to the proper calculation in determining whether the Bank's lien impairs Debtor's homestead exemption. Debtor argues that because the sum of the liens and his exemption exceeds the value of the property by an amount greater than the Bank's lien, the Bank's lien is avoidable in its entirety. The Bank, on the other hand, argues that because the first and second mortgage and the federal tax lien together are greater than the value of the real estate, Debtor has no exemption that is impaired by the Bank's judgment lien and, therefore, cannot avoid the lien.

## LAW AND ANALYSIS

Under 11 U.S.C. § 522(b)(1), Ohio has opted out of the federal bankruptcy exemptions established under 11 U.S.C. § 522(d). Ohio Rev. Code § 2329.662. Bankruptcy debtors are, therefore, entitled to those exemptions allowed by Ohio law. Under Ohio law, Debtor is entitled to a homestead exemption in the amount of $20,200. Ohio Rev. Code § 2329.66(A)(1)(b).

The Bankruptcy Code, in turn, establishes grounds for avoiding judicial liens that impair an exemption to which a debtor is entitled. Specifically, § 522(f) provides as follows:

> (1)     Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
>
>          (A) a judicial lien . . .
>
> (2)     (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
>
>                (i) the lien;
>                (ii) all other liens on the property; and
>                (iii) the amount of the exemption that the debtor could claim if there
>          were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(1).

Section 522(f)(1) authorizes avoidance of judicial liens only to the extent that those liens impair an exemption. Before being amended in 1994, the Bankruptcy Code did not define impairment of an

exemption. However, the Bankruptcy Reform Act of 1994 amended § 522 by adding § 522(f)(2)(A), which, as the Sixth Circuit has explained, defines impairment for purposes of avoidance under this subsection and sets forth the proper calculation for determining impairment. *Brinley v. LPP Mortgage, Ltd. (In re Brinley)*, 403 F.3d 415, 421 (6th Cir. 2005) (quoting *In re Northern*, 294 B.R. 821, 830-31 (Bankr. E.D. Tenn. 2003). Since the 1994 amendment, impairment is determined by the calculation set forth in § 522(f)(2)(A). *See, e.g., In re Jakubowski*, 198 B.R. 262 (Bankr. N.D. Ohio 1996) (determining the amount of the impairment by applying the mathematical formula in § 522(f)(2)(A) notwithstanding the fact that the first mortgage was greater than the value of the property). Applying the formula set forth in that section to the facts in this case, Debtor's exemption is impaired to the extent that the sum of all liens plus his exemption exceed the value of Debtor's property if there were no liens on the property:

| | |
|---|---:|
| Bank's lien: | $56,449.11 |
| 1st Mortgage: | 83,486.00 |
| 2d Mortgage: | 22,435.00 |
| Federal Tax Lien: | 730,489.31 |
| Exemption: | 20,200.00 |
| Total | $913,059.42 |
| Less the value of Debtor's unencumbered home: | 91,940.00 |
| Impairment: | $821,119.42 |

Because the $821,119.42 amount of the impairment exceeds the $56,449.11 amount of the Bank's lien that Debtor seeks to avoid, the Bank's lien is avoidable in full. *See Holland v. Star Bank. N.A. (In re Holland)*, 151 F.3d 547, 550 (6th Cir. 1998). It does not matter that Debtor has no equity over and above the Bank's lien. *See In re Jakubowsi*, 198 B.R. at 264. This conclusion is supported by the legislative history of the 1994 Act:

> Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption based upon a decision, In re Brantz, 106 B.R. 62 (Bankr. E.D. Pa. 1989), that was favorably cited by the Supreme Court in Owen v. Owen, 111 S. Ct. 1833, 1838 n. 5.

> The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption on the lien.

3

> Unfortunately, a minority of court decisions . . . have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

140 Cong. Rec. H10769 (daily ed. Oct. 4, 1994).  The cases cited by the Bank to the contrary are all pre-1994 cases applying § 522(f) before  its amendment.

For the foregoing reasons, Debtor's Motion will be granted and the Bank's lien will be avoided in full.  A separate order in accordance with this Memorandum of Decision will be entered.